1
2
3
4
5
6
7
8

CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Elliott Montgomery, Esq., SBN 279451
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
ElliottM@potterhandy.com
Attorneys for Plaintiff

9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Brian Whitaker**,

     Plaintiff,

  v.

**E.D.D. Investment Co.,** a California
General Partnership;
**RVZ LLC,** a California Limited Liability
Company; and Does 1-10,

    Defendants.

**Case:** 2:19-cv-09447-DMG-MRW

**Plaintiff's Opposition to
Defendants' Motion to Dismiss**

**Date:** January 17, 2020
**Time:** 9:30 a.m.
**Ctrm:** 8C (8th Floor)

**Hon. Dolly M. Gee**

---

Opposition to Motion to Dismiss       Case: 2:19-cv-09447-DMG-MRW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................i

TABLE OF AUTHORITIES ..........................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES .........................1

I.   PRELIMINARY STATEMENT ................................................1

II.  THE UNRUH CLAIM DOES NOT PREDOMINATE OVER
     THE ADA CLAIM, AND THERE ARE NO EXCEPTIONAL
     CIRCUMSTANCES OR COMPELLING REASONS FOR
     DECLINING JURISDICTION. ...............................................1

     A.  Plaintiff's State Claim Does Not Substantially Predominate
         Over the ADA Claim. .......................................................2

     B.  The Supreme Court Has Stated that the Most Important
         Considerations are Factors of Economy, Convenience,
         Fairness, and Comity. Those Factors Virtually Demand
         Supplemental Jurisdiction be Exercised ...........................3

     C.  There Are No Exceptional Circumstances or Other Compelling
         Reasons for Declining Jurisdiction. .................................7

III. CALIFORNIA'S HIGH FREQUENCY LITIGANT STATUTES
     DO NOT JUSTIFY DISMISSAL OF PLAINTIFF'S STATE
     CLAIM. .............................................................................8

IV.  CONCLUSION ................................................................11

Opposition to Motion to Dismiss          Case: 2:19-cv-09447-DMG-MRW

1

**TABLE OF AUTHORITIES**

2

**Cases**

3   *Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*

4       603 F.3d 666 (9th Cir. 2010)............................................................................2

5   *Baker v. Palo Alto University, Inc.,*

6       2014 WL 631452 (N.D. Cal., 2014) ............................................................10

7   *Borough of W. Mifflin v. Lancaster,*

8       45 F.3d 780 (3d Cir. 1995) ..........................................................................11

9   *Chapman v. Pier 1 Imports (U.S.) Inc.,*

10      631 F.3d 939 (9th Cir. 2011)..........................................................................2

11  *Daenzer v. Wayland Ford, Inc.,*

12      193 F. Supp. 2d 1030 (W.D. Mich. 2002) ..................................................11

13  *Delgado v. Orchard Supply Hardware Corp.,*

14      826 F. Supp.2d 1208 (E.D. Cal. 2011) ................................................. 9, 11

15  *Graf v. Elgin, J. & E. Ry.,*

16      790 F.2d 1341 (7th Cir.1986) ......................................................................10

17  *Johnson v. Morning Star Merced, LLC,*

18      2018 WL 4444961 (E.D. Cal. 2018)............................................................17

19  *Kohler v. Rednap, Inc.,*

20      794 F. Supp. 2d 1091 (C.D. Cal. 2011)..................................... 8, 11, 14

21  *Kuba v. 1-A Agr. Ass'n,*

22      387 F.3d 850 (9th Cir. 2004)..........................................................................6

23  *Moeller v. Taco Bell Corp.*

24      816 F.Supp.2d 831 (N.D. Cal. 2011)..............................................................2

25  *Molski v. M.J. Cable, Inc.,*

26      481 F.3d 724 (9th Cir. 2007)..........................................................................9

27  *Rosado v. Wyman,*

28      397 U.S. 397 (1970)......................................................................................10

ii

1

*Schoors v. Seaport Village Operating Co., LLC,*
2   2017 WL 1807954 (S.D. Cal. May 5, 2017)........................................9, 13, 14
3   *United Mine Workers of Am. v. Gibbs,*
4   383 U.S. 715 (1966) ...........................................................................10

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Opposition to Motion to Dismiss          Case: 2:19-cv-09447-DMG-MRW

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   PRELIMINARY STATEMENT

Plaintiff, who suffers from a C-4 spinal cord injury, filed the instant claims against the defendants because their business failed to provide accessible dining surfaces, paths of travel, and entrance door hardware at the Z Pizza ("Restaurant"). Defendants move for dismissal of the Unruh claim in Plaintiff's Complaint for lack of supplemental jurisdiction. Defendants are wrong, and this Court should retain supplemental jurisdiction of Plaintiff's Unruh claim.

### II.   THE UNRUH CLAIM DOES NOT PREDOMINATE OVER THE ADA CLAIM, AND THERE ARE NO EXCEPTIONAL CIRCUMSTANCES OR COMPELLING REASONS FOR DECLINING JURISDICTION.

The exercise of supplemental jurisdiction is mandatory, unless prohibited by section 1367(b) or one of the exceptions set forth in section 1367(c) applies. Under section 1367(c), a court may decline to exercise supplemental jurisdiction where: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

The Defense argued that the Court Should Deny Supplemental Jurisdiction under both § 1367(c)(2) and 1367(c)(4), and claimed that (1) Plaintiff's Unruh claims "substantially predominate" over his ADA claims under §1367(c)(2); and (2) Plaintiff's non-compliance with the HFL Statute provides the exceptional circumstances necessary under § 1367(c)(4).  As discussed below, both exceptions do not apply in this case.

1  **A.      Plaintiff's State Claim Does Not Substantially Predominate**
2  **Over the ADA Claim.**

3      As stated above, the incident that forms the basis of both claims is
4  identical. The parties are identical. The witnesses are identical. All the
5  documentary evidence (photographs, measurements, bank records, policies,
6  etc.) are identical. All the case law, regulatory material, regulations, and
7  accessibility standards necessary to demonstrate liability under both claims are
8  identical. Proving up the ADA claim is the same work and same effort as proving
9  up the Unruh claim. As one court summarized:

10      The state-law claims do not substantially predominate in terms of
11      proof. Indeed, because the claims are mostly based on ADA
12      violations, the proof for those claims is identical to that needed to
13      prove violation of the ADA. For the state-law claims, Plaintiff need
14      only make an additional showing of the particular "occasions" on
15      which he encountered the barriers or was deterred from visiting
16      the restaurant because of the barriers in order to make out his
17      claims for statutory damages. To be sure, the availability of
18      damages under state law means that the state-law claims present a
19      slightly larger scope of issues and offer more comprehensive
20      remedies. Nonetheless, the Court does not find that this causes the
21      state-law claims to substantially predominate this litigation.[1]

22

23      Moreover, the mere fact that the Unruh claim has an additional remedy
24  does not mean that it "substantially predominates" over the case. "Other than
25  the availability of statutory damages under state law, the state and federal claims
26  are identical. The burdens of proof and standards of liability are the same.

27
28
_____
[1] *Kohler v. Rednap, Inc.*, 794 F. Supp. 2d 1091, 1096 (C.D. Cal. 2011).

2

1  Indeed, the Unruh Act specifically provides that a violation under the ADA also
2  constitutes a violation of the Unruh Act."[2]

3       It is hard to reach a different conclusion on this topic. "Plaintiff's state and
4  federal law claim involve the identical nucleus of operative facts, and require a
5  very similar, if not identical, showing in order to succeed."[3] This court should not
6  decline supplemental jurisdiction on the basis that the Unruh claim for a
7  statutory penalty substantially predominates. It simply does not. Encountering
8  an ADA barrier is not only the standard for an ADA violation but is also the
9  standard for recovery of statutory damages. "The litigant need not prove she
10  suffered actual damages to recover the independent statutory damages of
11  $4,000."[4]

12

13    **B.    The Supreme Court Has Stated that the Most Important**
14         **Considerations are Factors of Economy, Convenience,**
15         **Fairness, and Comity. Those Factors Virtually Demand**
16         **Supplemental Jurisdiction be Exercised.**

17       More importantly, even substantial predominance is found, the Court is
18  required to take the next step and consider the impact of declining or exercising
19  supplemental jurisdiction: the "justification" underlying the decision whether to
20  maintain supplemental jurisdiction or dismiss claims, "lies in considerations of
21  judicial economy, convenience and fairness to litigants..."[5] In fact, the Courts
22

23  [2] *Moore*, 85 F.Supp.3d at 1194 (finding that an Unruh claim for statutory
24       damages does not substantially predominate over the federal ADA
         claim); see also *Schoors v. Seaport Village Operating Co., LLC*, 2017 WL
25       1807954, (S.D. Cal. May 5, 2017).
26  [3] *Delgado v. Orchard Supply Hardware Corp.*, 826 F. Supp. 2d 1208, 1221 (E.D.
27       Cal. 2011) (finding no substantial predominance).
28  [4] *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007).
    [5] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

Opposition to Motion to Dismiss          Case: 2:19-cv-09447-DMG-MRW

have recognized that judicial economy is the "*essential policy* behind the modern doctrine of pendent jurisdiction..."[6]   As the Supreme Court noted: the "commonsense policy of pendent jurisdiction" is "the conservation of judicial energy and the avoidance of multiplicity of litigation."[7] Here, if this Court were to decline to exercise supplemental jurisdiction over the state claim, it would result in the plaintiff pursuing the Unruh claim in state court while, simultaneously, prosecuting his ADA claim in federal court. Given that the plaintiff's state claim is predicated upon a finding that the ADA has been violated, this means that almost identical cases would be prosecuted in two different forums.

As one Court presiding over an ADA/Unruh case recently noted, "Forcing these parties to litigate two nearly-identical cases in separate venues—one here and one in state court—is neither convenient, economical, nor fair."[8] Likewise, the *Delgado* court reasoned:

> Here, the claims arise from a common nucleus of operative facts. Both the federal and state law claims are based upon architectural barriers which infringe upon the accessibility to the OSH Store. Accordingly, this Court has supplemental jurisdiction over the state law claims. The Court will exercise supplemental jurisdiction over the state law claims. Here, the state issues are not unsettled or novel and complex. Plaintiff's state and federal law claim involve the identical nucleus of operative facts, and require a very similar, if not identical, showing in order to succeed. If this court forced plaintiff to pursue his state law claims in state court, the result

---

[6] *Graf v. Elgin, J. & E. Ry.,* 790 F.2d 1341, 1347–48 (7th Cir.1986).

[7] *Rosado v. Wyman*, 397 U.S. 397, 405 (1970).

[8] *Baker v. Palo Alto University, Inc.,* 2014 WL 631452, *2 (N.D. Cal., 2014).

4

would be two highly duplicative trials, constituting an unnecessary expenditure of plaintiff's, defendant's, and the two courts' resources. As a practical matter, plaintiff's state law claims for damages may be the driving force behind this action. To rule as OSH proposes, however, would effectively preclude a district court from ever asserting supplemental jurisdiction over a state law claim under the Unruh Act.[9]

The *Kohler* case presents a lengthy analysis of the issue and concluded that fairness favored keeping the Unruh claim in federal court "rather than in a separate, and largely redundant, state-court suit."[10] Another court held that supplemental jurisdiction should be exercised where "declining jurisdiction would simply require twice the expenditure of resources as to the evidentiary determinations."[11] Another framing of the analysis states that supplemental jurisdiction should be exercised to avoid "two parallel proceedings, one in federal court and one in the state system."[12] Here, the principles of judicial economy and fairness militates toward keeping Unruh.

In fact, in *Gibbs*, the Court noted that *even in circumstances where the federal claim has been lost*, the Court may want to maintain supplemental jurisdiction where the state claim is so closely intertwined with the federal claims: "There may, on the other hand, be situations in which the state claim is so closely tied to questions of federal policy that the argument for exercise of pendent jurisdiction is particularly strong."[13]

---

[9] *Delgado,* 826 F. Supp. at 1221.

[10] *Kohler*, 794 F. Supp. 2d at 1096.

[11] *Daenzer v. Wayland Ford, Inc.*, 193 F. Supp. 2d 1030, 1043 (W.D. Mich. 2002).

[12] *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 787 (3d Cir. 1995).

[13] *Gibbs*, 383 U.S. at 727.

Opposition to Motion to Dismiss                Case: 2:19-cv-09447-DMG-MRW

Although some courts have declined supplemental jurisdiction under a "substantial predominance" standard, those decisions are scattered and cannot withstand serious scrutiny. But, more importantly, those other decisions never address the factors that the Supreme Court have said are essential, namely economy, convenience, fairness, and comity. As the *Moore* court stated, those decisions, "failed to address how declining jurisdiction served these the values of economy, convenience, fairness, and comity."[14]  It is hard to argue with the Moore court's conclusion that: "the Court's exercise of supplemental jurisdiction would best advance economy, convenience, fairness, and comity. The state and federal claims are so intertwined that it makes little sense to decline supplemental jurisdiction. To do so would create the danger of multiple suits, courts rushing to judgment, increased litigation costs, and wasted judicial resources."[15]

This is not just a calendar clearing exercise that the court is considering. Were the Court to deny federal jurisdiction to Plaintiff's state claims, Plaintiff would have to litigate these claims in parallel in state court, or abandon the right to file well-pleaded and meritorious claims in federal court entirely. Plaintiff's state claim is predicated on adjudication of the federal claim, over which this Court has original jurisdiction. This puts Plaintiff's claims in a complicated position, as the state court claim cannot reasonably be resolved without final resolution of the federal case, or risk inconsistent decisions on identical facts.

There is no universe in which declining supplemental jurisdiction promotes judicial economy, convenience, or fairness to the litigants. As one court recently noted: "the Court finds the opposite and concludes that declining supplemental jurisdiction in the present matter would be an unnecessary

---

[14] *Moore*, 85 F.Supp.3d at 1194.

[15] *Id.*

Opposition to Motion to Dismiss          Case: 2:19-cv-09447-DMG-MRW

1    expenditure of the Plaintiff, Defendants, and the state and federal courts'

2    resources."[16]

3

4    **C.      There Are No Exceptional Circumstances or Other**

5    **Compelling Reasons for Declining Jurisdiction.**

6          The defendants provide a discussion about why they believe California's

7    procedural requirements for high-frequency litigants are exceptional

8    circumstances for declining supplemental jurisdiction, and that Mr. Whitaker is

9    trying to evade those procedures by filing in federal court. This argument lacks

10   any legal merit.  First, there are numerous reasons why the federal forum is

11   superior to the state court forum for prosecuting ADA/Unruh claims that have

12   nothing to do with procedure. The quality of the judges, the quality of the legal

13   rulings, the ease of the ECF system for filing and case access, the fact that the

14   vast majority of published authorities arise within the federal forum, and the fact

15   that the substantive law in this case is entirely federal are all reasons why an ADA

16   practitioner would (and virtually all do) prefer federal court over state court for

17   prosecuting ADA/Unruh claims. But, more importantly, plaintiffs have the right

18   to choose among appropriate forums and there is nothing improper about

19   considering the fact that the federal forum has a more efficient and less

20   cumbersome procedural rules. Even if the sole reason that Mr. Whitaker chose

21   the federal forum over the state forum had to do with procedural rules, this would

22   neither be improper nor a basis for this Court to decline to exercise supplemental

23   jurisdiction.

24          Moreover, a litigant choosing from two proper jurisdictions is not

25   inappropriate forum shopping, is not "exceptional," and does not provide a

26

27

28

---

[16] *Schoors*, 2017 WL 1807954, at *5.

Opposition to Motion to Dismiss              Case: 2:19-cv-09447-DMG-MRW

1   compelling reason to decline to exercise supplemental jurisdiction. As one court

2   explained:

> [T]he fact that Plaintiff is "forum shopping" by filing suit in this
> Court rather than state court does not constitute a "compelling
> reason" for declining jurisdiction. There is no reason why Plaintiff
> should have to file his claims in state court instead. "This sort of
> forum-shopping is commonplace among plaintiffs and removing
> defendants alike and is not an 'exceptional' circumstance giving
> rise to compelling reasons for declining jurisdiction, as required
> by section 1367(c)(4)." *Chavez,* 2005 WL 3477848, at *2. The
> fact that Plaintiff and his counsel frequently file suits asserting
> disability rights violations does not change this conclusion. The
> Ninth Circuit has acknowledged that "[f]or the ADA to yield its
> promise of equal access for the disabled, it may indeed be
> necessary and desirable for committed individuals to bring serial
> litigation advancing the time when public accommodations will be
> compliant with the ADA." *Molski v. Evergreen Dynasty Corp.,* 500
> F.3d 1047, 1062 (9th Cir.2007). Nothing bars Plaintiff from
> frequently invoking a federal forum to remedy ADA violations.[17]

## III.  CALIFORNIA'S HIGH FREQUENCY LITIGANT STATUTES DO NOT JUSTIFY DISMISSAL OF PLAINTIFF'S STATE CLAIM.

California's "high-frequency litigant" statutes do not give reason under

the § 1367(c) exceptions to decline supplemental jurisdiction. "High-frequency

---

[17] *Kohler*, 794 F.Supp.2d at 1096; see also *Schoors v. Seaport Village Operating Co., LLC,* 2017 WL 1807954, *5 (S.D. Cal. May 5, 2017) (adopting the same rationale).

litigants" are defined by section 425.55 of the California Code of Civil Procedure as "A plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation"[18] or "An attorney who has represented... 10 or more high-frequency litigant plaintiffs in actions that were resolved within the 12-month period immediately preceding the filing of the current complaint..."[19] Undoubtedly, many of plaintiff's counsel's clients fall within this definition, although plaintiff's counsel himself does not.

However, this means little to the prosecution of a case. There are only three consequences in state court litigation for a plaintiff being identified as a high-frequency litigant. First, such plaintiffs must add some specific facts in their complaint and verify the complaint certifying that it comports with... the exact language of Fed. R. Civ. Proc. 11.[20] But those "facts" are either required under Federal Rule 26's initial disclosure requirement or readily available in discovery. Additionally, plaintiff's counsel is already subject to Rule 11 in federal court. Second, there is an additional $1,000 filing fee,[21] which is divided into the general fund and the trial court trust fund.[22] This fee serves to relieve workload to the trial courts.[23] Ironically, though, the workload of the trial courts would be massively increased if this Court were to decline supplemental jurisdiction. Finally, there are stay and early evaluation procedures in state court for these cases. But those same procedures—almost identical in nature—are available in the Central District with the ADA Disability Access Litigation program and use

---

[18] Cal. Civ. Proc. Code § 425.55(b)(1).
[19] Cal. Civ. Proc. Code § 425.55(b)(2).
[20] Cal. Civ. Proc. Code § 425.50(a)(4).
[21] Cal. Gov. Code § 70616.5.
[22] Cal. Gov. Code § 68085.35.
[23] 2015 CA A.B. 1521 (NS) (September 10, 2015).

Opposition to Motion to Dismiss          Case: 2:19-cv-09447-DMG-MRW

1    of ADR Form 20. A defendant can request and a court can *sua sponte* order the
2    parties to participate in this process.

3        In any event, there is nothing unique in the state court procedures that are
4    not replicated in some fashion in the federal system. It is not the federal court's
5    task to decide that it likes state court *procedures* better and to force a plaintiff to
6    take his case to state court because of that preference. That is not a compelling
7    reason. In summary, as one court stated about the most prolific ADA plaintiff on
8    the planet:

9
10       Litigants in federal court routinely bring both federal and state law
11       causes of action, and the federal courts routinely resolve all such
         claims. There is nothing improper about Johnson, or any other
12       litigant, following this well established and commonly used
13       practice. The Court acknowledges that California has established
14       a heightened pleading standard for high frequency litigants. As
15       such, considerations of comity favor permitting California courts
16       to follow, interpret, and enforce California pleading standards.
17       However, as explained in *Schoors* and *Johnson*, it is not efficient,
18       convenient, or fair to require Johnson to file two nearly identical
19       cases involve materially identical proof and issues.  It is judicially
20       more economical for a single court to resolve the dispute between
21       Johnson and MSM, instead of requiring duplicative efforts in
22       multiple courts, possibly involving multiple juries, and possibly
23       leading to inconsistent results. Finally, even if Johnson is forum
24       shopping, the Court continues to find that such forum shopping is
25       not sufficient to justify declining supplemental jurisdiction.[24]
26
27   _____
28   [24] *Johnson v. Morning Star Merced, LLC*, 2018 WL 4444961, *6 (E.D. Cal. 2018)
         (citations omitted for readability).

10

Opposition to Motion to Dismiss          Case: 2:19-cv-09447-DMG-MRW

1

## IV.   CONCLUSION

2

Whitaker respectfully requests this Court deny Defendants' motion.

3

4

5    Dated: December 27, 2019             CENTER FOR DISABILITY ACCESS

6                                          By:____/s/ Elliott Montgomery____

7                                          Elliott Montgomery, Esq.

8                                          Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Opposition to Motion to Dismiss             Case: 2:19-cv-09447-DMG-MRW