CATHERINE J. WEINBERG, ESQ. [SBN 222066]
BUCKNER, ROBINSON & MIRKOVICH
3146 Red Hill Avenue, Suite 200
Costa Mesa, California  92626
Telephone:  (714) 432-0990
Fax:              (714) 432-0352
Email:          cweinberg@bamlaw.net

Attorneys for Defendants
E.D.D. Investment Co. and RVZ LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brian Whitaker,<br><br>                              Plaintiff,<br><br>v.<br><br>E.D.D. Investment Co., a California General Partnership; RVZ LLC, a California Limited Liability Company; and Does 1-10,<br><br>                              Defendants. | Case No. 2:19-cv-09447-DMG (MRWx)<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS STATE LAW CLAIM IN COMPLAINT**<br><br>FRCP Rules 12(b)(1), 12(b)(6), 12(h)(3), and 28 USC § 1367(c)<br><br>Date: January 17, 2020<br>Time: 9:30 a.m.<br>Courtroom: 8C<br>Judge: Hon. Dolly M. Gee<br><br>Complaint Filed: 11/01/19<br>Trial Date: No date scheduled |

Defendants E.D.D. Investment Co. and RVZ LLC (collectively "Defendants") hereby set forth their reply to the "Plaintiff's Opposition to Defendants' Motion to Dismiss" (the "Opposition") filed and served in this matter by plaintiff Brian Whitaker ("Plaintiff"). The Opposition misrepresents the case circumstances and applicable law.

1

**I.     The Opposition Misrepresents Currently Case Law In Its Attempt To Justify Plaintiff's Forum-Shopping**

Certain cases to which Plaintiff cites in its Opposition, such as *Kohler v. Rednap, Inc.,* 794 F.Supp. 2d 1091 (C.D. Cal. 2011), *Delgado v. Orchard Supply Hardware Corp.,* 826 F.Supp. 2d 1208 (E.D. Cal. 2011), *Molski v. M.J. Cable, Inc.,* 482 F.3d 724 (9th Cir. 2007), et al., were decided before California *Code of Civil Procedure* sections 425.50 and 425.55 became effective, and thus do not accurately represent the status of currently applicable California case law.

Much of the Opposition relies on references to those cases to bolster contentions that reflect the previous status of the law, before the California legislature adopted those sections to specifically address the issues raised by high-frequency litigants like Plaintiff.

For example, in section II(C) of the Opposition (pages 7-8), Plaintiff refers to the 2011 *Kohler* case in an attempt to justify his forum shopping in this court.

By making his argument in the context of the *Kohler* case, Plaintiff ignores the clear legislative intent behind the adoption of C.C.P. §§ 425.50 and 425.55 subsequent to that decision.

**II.    The Opposition Also Misrepresents The Impact Of Current California Statutes**

At page 2, lines 8-9, the Opposition claims: "Proving up the ADA claim is the same work and same effort as proving up the Unruh claim." But that is only true in an ADA case in federal court. Under California Civil Code § 51(f), a violation of the ADA automatically constitutes a violation of the Unruh Act.

The Unruh Act requires plaintiffs to allege and prove intentional discrimination; the ADA does not. See *Harris v. Capital Growth Investors XIV* (1991) 52 Cal.3d 1142, 1175, 278 Cal.Rptr. 614, 805 P.2d 873.

The Opposition ignores the "work" and "effort" that would be required to bring these same claims in a state court under California's heightened pleading requirements for construction-related accessability lawsuits, including proving intentional discrimination, and other requirements such as the following specified in C.C.P. § 425.50:

- A plain language explanation in a <u>verified</u> pleading of the specific access barriers Plaintiff encountered, or by which Plaintiff alleges he was deterred;
- Specification of how the barrier denied Plaintiff full and equal use or access, or in which it deterred Plaintiff, on each specified occasion;
- In the case of a high-frequency litigant, like Plaintiff, the reason he was in the geographic area of the defendant's business;
- In the case of a high-frequency litigant, like Plaintiff, the specific reason why he wanted to access Defendants' premises; and
- An attorney or party signature which certifies that the factual allegations in the complaint have evidentiary support.

Pursuant to Cal. *Government Code* § 70616.5, a high-frequency litigant, like Plaintiff, is also required to pay a fee of $1,000.00 in addition to the regular first-paper filing fee.

None of these heightened standards are currently reflected in federal law. In fact, Plaintiff's complaint fails to show that he could have met these

heightened standards had he filed his case in state court rather than federal. The complaint fails to allege that Plaintiff was unable to avail himself of the goods offered at the premises, nor does it allege that any of the alleged barriers were intentional discriminations. No specification is made of how any of the alleged barriers denied Plaintiff full and equal use or access. All of the key "factual" allegations are made "on information and belief", and not supported by evidence.

### III.     The Unruh Claim Predominates Because Of The Monetary Claims

In section II and section II(A) of the Opposition (on pages 1-3), Plaintiff contends that his Unruh Act claim does not predominate over his ADA claim, and that prosecution of the two claims is practically "identical". He dismisses the $4,000 per offense set by California *Civil Code* § 52(a) as "the mere fact that the Unruh claim has an additional remedy . . ." (Opposition page 2 line 23).

This ignores the fact that, under the Americans with Disabilities Act, there are no statutory damages available. Defendants believe that Plaintiff would not have brought this case except for the statutory damages offered by *Civil Code* § 52(a).

In the Prayer on pages 8-9 of the Complaint, Plaintiff seeks an order by the Court for relief including "actual damages and a statutory minimum of $4,000 for each offense" pursuant to the Unruh Act, and for attorneys' fees and costs.

In the Complaint, Plaintiff alleged (Complaint page 3, paragraphs 13, 15 and 17) that Defendants failed to "provide accessible dining surfaces", "failed to provide accessible paths of travel leading into the entrance of the Restaurant", and "failed to provide accessible entrance door hardware". All three of these allegations are made "on information and belief".

If an award of $4,000.00 was made for each of the three alleged "violations", the total would be $12,000.00.

Also in the Complaint in this case, Plaintiff also states his plan to conduct a "site inspection" to look for additional "offenses" to add to his bounty.

Plaintiff wants the substantial monetary rewards of the California Unruh Act but he doesn't want to submit to the heightened pleading standards and increased fees required under California law for a high-frequency litigant like himself.

Defendants contend that Plaintiff only tacked the ADA claim on to his Complaint to get into federal court and evade California requirements. Plaintiff cannot have it both ways.

## IV.  Conclusion

For the reasons given above and in the underlying Motion to Dismiss State Law Claim, the Court should decline to exercise its supplemental jurisdiction over Plaintiff's Unruh Act claim and dismiss that claim from the Complaint.

Dated: January 3, 2020                        Respectfully submitted,

                                              BUCKNER, ROBINSON  & MIRKOVICH


                                                   /s/ Catherine J. Weinberg
                                              By:_____
                                                   CATHERINE J. WEINBERG, ESQ.
                                                   Attorneys for Defendants E.D.D.
                                                   Investment Co. and RVZ LLC

# PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the above-entitled cause. My business address is 3246 Red Hill Avenue, Suite 200, Costa Mesa, California 92626.

On January 3, 2020, I served the following documents in the above-captioned matter:

- Reply to Opposition to Motion to Dismiss State Law Claim In Complaint

on the interested parties in this action as follows:

Elliott Montgomery, Esq.
Raymond G. Ballister, Esq.
Phyl Grace, Esq.
Dennis Jay Price, Esq.
Russell C. Handy, Esq.
CENTER FOR DISABILITY ACCESS
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
Phone: (858) 375-7385

[xx] BY CM/ECF NOTICE OF ELECTRONIC FILING: I electronically filed the documents with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules and proofs of such service filed separately.

Executed on January 3, 2020 at Costa Mesa, California.

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I hereby certify under the penalty of perjury that the foregoing is true and correct.

/s/ Robert Hall
ROBERT HALL

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION MOTION TO DISMISS STATE LAW CLAIM