UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-9447-DMG (MRWx)** | Date | January 5, 2021 |
|---|---|---|---|
| Title | ***Brian Whitaker v. E.D.D. Investment Co., et al.*** | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANTS' MOTION TO DISMISS [24]**

On August 20, 2020, Defendants E.D.D. Investment Company and RVZ LLC filed a Motion to Dismiss ("MTD") Plaintiff Brian Whitaker's Americans with Disabilities Act ("ADA") claim for injunctive relief[1] under the Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(h)(3), arguing that the Court lacks subject matter jurisdiction because the claim is moot. [Doc. # 24.]

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may seek dismissal of a complaint for lack of subject matter jurisdiction. "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* Jurisdictional fact-finding is inappropriate, however, where the jurisdictional issues are so intertwined with the merits "that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action." *Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc.*, 711 F.2d 138, 139 (9th Cir. 1983) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir.1983)).

A defendant also may seek to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). "[W]hen the legal sufficiency of a complaint's allegations is tested by a motion under

---

[1] The ADA claim is the only cause of action remaining, after the court declined to exercise supplemental jurisdiction over Plaintiff's claim for damages pursuant to California's Unruh Civil Rights Act. *See* [Doc. # 19.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-9447-DMG (MRWx)** | Date | January 5, 2021 |
|---|---|---|---|
| Title | *Brian Whitaker v. E.D.D. Investment Co., et al.* | Page | 2 of 2 |

Rule 12(b)(6), 'review is limited to the complaint.'" *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Cervantes v. City of San Diego,* 5 F.3d 1273, 1274 (9th Cir. 1993)).

Defendants' MTD argues that Plaintiff's claim for injunctive relief is moot because the accessibility barriers that Plaintiff alleges to have encountered at Defendants' restaurant have been corrected or never existed. The motion is predicated entirely upon an expert report attached to it, in which the expert purports to have investigated the premises and found them to be ADA-compliant. [Doc. # 24-2.] The Court cannot consider this extrinsic evidence on a Rule 12(b)(6) motion, where review is limited to the facts alleged in the complaint, which must be accepted as true for purposes of deciding the motion. *Lee*, 250 F.3d at 688; *Iqbal*, 556 U.S. at 678. As for Rule 12(b)(1), Defendants' mootness argument is based entirely on the merits—that the premises do not now violate the ADA. Fact-finding on this issue is not appropriate on a motion to dismiss, before the parties have completed discovery. *See Sun Valley*, 711 F.2d at 139. Defendants should introduce their expert's investigation and report at summary judgment—after Plaintiff has had an opportunity to engage in discovery—and not at the pleading stage.

Therefore, the MTD is **DENIED**, **without prejudice**, to renewal as a procedurally compliant motion for summary judgment.

**IT IS SO ORDERED.**